IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:07-CR-47-BO
NO. 7:11-CV-56-BO

| | |
|---|---|
| SHANNON ANDRE PETERS )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **O R D E R** |

This matter is before the Court on Petitioner Shannon Andre Peters' Motion for Reconsideration [DE 97] and Motion to Amend [DE 107]. Mr. Peters initially filed his "Motion to Vacate under 28 U.S.C. § 2255" [DE 54] on March 2, 2011. The United States responded with a Motion to Dismiss on April 14, 2011 [DE 58]. In light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), this Court entered an Order on August 25, allowing the parties to update their Motions [DE 62]. Both parties responded [DE 63, 64]. In light of the amendments, this Court entered an Order granting Mr. Peters' Motion and setting the matter for resentencing [DE 65]. The United States subsequently filed a Motion to Dismiss [DE 78]. This case was heard before the undersigned on January 19, 2012 and an Order was entered directing both parties to file additional briefing [DE 81]. In response to the briefing, this Court then entered an Order revising its prior Order to hold that Mr. Peters' prior convictions at ¶¶ 10 and 11 of the presentence report were, in fact, proper predicate convictions for the purposes of an enhanced sentence under 21 U.S.C. § 851 and for purposes of applying the career offender

designation under U.S.S.G. § 4B1.1. On March 23, 2012, the Court set this case for hearing on the remaining issues of ineffective assistance of counsel [DE 96].

Before the scheduled hearing, Mr. Peters filed a Motion for Reconsideration of the Court's Order of March 23, 2012 [DE 97]. The United States opposed the Motion [DE 101] and Mr. Peters replied [DE 103]. Another hearing was held before the undersigned on April 26, after which this Court entered an Order directing Mr. Peters to brief any amendments that he would like to include in an amended motion pursuant to 28 U.S.C. § 2255 [DE 106]. Mr. Peters then filed a Motion to Amend his petition [DE 107] and the United States responded [DE 109]. The pending motions are now ripe for adjudication [DE 54, 97, 107]. Petitioner's Motion to Vacate [DE 54], Motion for Reconsideration [DE 97], and Motion to Amend [DE 107] are DENIED. Because reasonable jurists could debate whether the issue should have been decided differently, a certificate of appealability is GRANTED as to whether Mr. Peters' North Carolina convictions, in which he received a sentence pursuant to North Carolina's Procedures Relating to Guilty Pleas in Superior Court, should have been excluded as proper predicate felonies for federal sentencing purposes after *Simmons*.

## BACKGROUND

On April 11, 2007, the Grand Jury issued a two-count indictment that charged Petitioner in Count One with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Two charged Petitioner with distributing more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) [DE 1].

On July 3, 2007, Respondent filed a criminal information that charged Petitioner with distributing more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) [DE 13]. On July 9, the prosecutor filed a notice of intent to seek an enhanced penalty pursuant

to 21 U.S.C. § 851 [DE 15]. On the same day, Petitioner pleaded guilty to the criminal information without a written plea agreement [DE 16].

On February 12, 2008, the Court sentenced Petitioner to 262 months of imprisonment, five years of supervised released, and ordered Petitioner to pay a special assessment [DE 31]. On February 19, 2008, Petitioner filed a notice of appeal [DE 29].

Petitioner's sentence was affirmed by the Fourth Circuit on August 3, 2009 [DE 39]. Petitioner then filed a motion for retroactive application of the Sentencing Guidelines for Crack Cocaine Offenses under 18 U.S.C. § 3582, which was denied on February 26, 2010 [DE 48]. Petitioner appealed that decision, which was dismissed by the Fourth Circuit for failure to prosecute [DE 52]. On February 2, 2010, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 8. Petitioner filed his motion pursuant to 28 U.S.C. § 2255 on March 2, 2011 [DE 54].

## DISCUSSION

### I. Motion for Reconsideration

On April 6, 2012, Mr. Peters filed a Motion for Reconsideration of this Court's Order of March 23, which held that Mr. Peters' convictions at ¶¶ 10 and 11 of the presentence report were, in fact, proper predicate convictions for the purposes of an enhanced sentence under 21 U.S.C. § 851 and for purposes of applying the career offender designation under U.S.S.G. § 4B1.1 [DE 96]. In support of his Motion, Mr. Peters argues that his convictions were secured by a plea agreement that provided for an agreed-upon maximum sentence of 11 months of imprisonment, and he was therefore not sentenced subject to Structured Sentencing or "exposed to" terms of imprisonment in excess of one year, as required after *Simmons* for these two convictions to be counted as predicate felonies for federal sentencing purposes. Rather, Mr. Peters asserts that he

was sentenced pursuant to North Carolina's Procedures Relating to Guilty Pleas in Superior Court, which dictate that the sentencing court accepting Mr. Peters' plea was bound to the sentence contained within the plea agreement, including the maximum term of imprisonment of eleven months. Mr. Peters argues that this agreement represented the maximum sentence to which he was "exposed," given that if the sentencing judge were to have rejected the terms of the plea agreement, he would have had to inform the parties, refuse to accept the guilty plea, and advise the defendant that neither party was bound by the rejected agreement. Because he believes he was not "exposed" to a higher sentence, Mr. Peters argues that his prior convictions cannot serve as predicate felonies for federal sentencing purposes.

Mr. Peters analogizes this system of evaluating certain plea agreements to the evaluation of federal plea agreements with a specified sentencing range, as analyzed by the Supreme Court in *Freeman v. United States*, 131 S. Ct. 2685 (2011). In that case, the Court's plurality held that a defendant who entered a plea under Rule 11(c)(1)(C) (with a specified sentence or sentencing range) did not discharge the district court's independent obligation to exercise its discretion and did not relieve the district court judge of his reliance on the federal sentencing guidelines. Therefore, defendants sentenced in connection with such plea agreements were held to be eligible to seek section 3582(c)(2) relief for retroactive changes to the guidelines. Five Justices agreed that the sentence imposed on a defendant who entered a plea pursuant to Rule 11(c)(1)(C) is controlled by the terms of the plea agreement and not by the sentencing guidelines. However, the *Freeman* case is inapposite to this Court's inquiry. North Carolina courts have noted that "any sentence imposed by the trial court must be consistent with the provisions of North Carolina's Structured Sentencing Act." *State v. Murray*, 714 S.E.2d 209, at *3 (N.C. Ct. App. Jul. 5, 2011). In other words, the mandatory (not advisory) system that governs sentencing ranges in North

Carolina--and that the court of appeals addressed itself to in *Simmons*--does not exempt convictions achieved through plea agreements from its requirements.

Although Mr. Peters presents a novel argument, this Court remains unpersuaded in light of the language of the Fourth Circuit's opinion in *Simmons*. In footnote 9, the court of appeals explained that its holding required "examination of three pieces of evidence: the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." *Simmons*, 649 F.3d at 247 n. 9. This Court cannot rely on the sentence that Mr. Peters actually *received*, but must rely instead on the sentence to which a defendant in his position was *exposed* at the time of sentencing. *See United States v. Thompson*, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. 2012) ("Pursuant to *Simmons*, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment.").

In this case, Mr. Peters was convicted of class H felonies, with a prior record level of IV. Accordingly, he was subject to a potential sentence of greater than one year of imprisonment. Contrary to Mr. Peters' argument, the fact that he entered into a plea agreement with the State of North Carolina does not change the fact that the relevant felony class and his record level at the time o f sentencing exposed him to a term of imprisonment in excess of one year. Therefore, this Court denies Mr. Peters' Motion for Reconsideration, and holds that his state convictions qualify as proper predicates for federal sentencing purposes after *Simmons*.

## II. Motion to Amend

By its Order of April 26, 2012, this Court permitted the parties to brief the issue of whether Mr. Peters should be allowed to amend his section 2255 petition to include an additional

ineffective assistance of counsel claim [DE 106]. After carefully reviewing the briefs submitted by both parties, the Court denies Petitioner's Motion to Amend [107].

Mr. Peters seeks to amend his petition pursuant to 28 U.S.C. § 2255 to include a claim alleging that Mr. Peters' counsel failed to advise him prior to entry of his guilty plea that, if the government filed a notice under 21 U.S.C. § 851, his advisory guideline range under the career offender guideline would be raised to 262 to 327 months of imprisonment. The government filed a section 851 notice on the morning Mr. Peters entered his plea. He asserts that he continued with entry of his guilty plea under the misunderstanding that his advisory guideline range remained as 188 to 235 months of imprisonment. Had he been advised of the change in his advisory guideline range, Mr. Peters asserts that he would have refused to enter his guilty plea and would have proceeded to trial.

A motion to amend a section 2255 petition may be granted and allowed to relate back to the date of filing of the original petition if "the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005); Fed. R. Civ. P. 15(c)(1). Mr. Peters argues that his claim if ineffective assistance of counsel is tied to the same core of operative facts as his claims in his original petition that (1) the government's enhancement under 21 U.S.C. § 851 was invalid and that (2) his counsel failed to object to "unlawful enhancing" of his sentence [DE 54 at 5, 8].

In his memorandum in support of his motion to amend, Mr. Peters acknowledges Fourth Circuit precedent holding that the district court advising a defendant of the maximum punishment for his offense of conviction during the Rule 11 proceeding obviates any prejudice he may have suffered due to mistaken sentencing advice provided by counsel. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). In spite of his acknowledgment, Mr. Peters claims that

the information he received at his Rule 11 proceeding was "overwhelmed by the combination of the improper advice he had received regarding the impact of the government's decision to enhance his sentence by filing a notice under Section 851 on his guideline range and the fact that the 851 notice was filed the morning of his Rule 11 hearing" [DE 107 at 4].

At Mr. Peters' Rule 11 hearing, the Court informed Mr. Peters of the maximum punishment for his charged offenses. Mr. Peters responded that he understood them to be the charges and punishments that he faced. Although Mr. Peters alleges that he suffered prejudice as a result of his counsel's ineffective assistance, the law of this circuit is that "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992). As a result, incorrect advice respecting sentencing possibilities cannot constitute prejudice if the trial court later properly informed the defendant of the potential sentence he faced. *Foster*, 68 F.3d at 88.

The Fourth Circuit's recent opinion in *United States v. Akinsade*, No. 09-7554, 2012 WL 3024723 (Jul. 25, 2012), is not to the contrary. In that case, a district court's admonition that a guilty plea "could lead to deportation" was insufficient to correct counsel's misadvice that the defendant's crime was "not categorically a deportable offense" where the defendant's deportation was, in fact, a legally mandated consequence of his plea. *Id.* at *4. In this case, the Court's colloquy with Mr. Peters advised him of sentencing ranges that far exceeded the sentence that Mr. Peters pleaded guilty to and the sentence that he actually received. The colloquy was neither "general" nor "equivocal" as was the colloquy discussed in *Akinsade*. Therefore, this Court holds that any misadvice provided by Mr. Peters' counsel was cured through the Rule 11 hearing.

Because any attempt by Mr. Peters to amend his 2255 petition to add these claims of ineffective assistance of counsel would be futile, his Motion to Amend is denied. *See United States v. Hodge*, No. 01-7216, 2002 WL 170733, at *1 n.* (4th Cir. Feb. 4, 2002).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt

manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds that Mr. Peters has made the requisite threshold showing and that a certificate of appealability is warranted. In this case, the Court holds that Mr. Peters' North Carolina convictions are subject to the analysis presented in *Simmons* and that his plea agreement does not alter the fact that he was exposed to a term of imprisonment in excess of one year. In light of the novel argument presented, which has not yet been squarely addressed by the court of appeals, the Court finds that jurists of reason could debate whether the issue should have been decided differently. Therefore, a certificate of appealability shall issue.

A certificate of appealability must "indicate which specific issue or issues satisfy the showing required...." 28 U.S.C. § 2255(c)(3). Having reviewed the extensive briefing in this case, the Court grants a certificate of appealability as to whether Mr. Peters' North Carolina convictions, in which he received a sentence pursuant to North Carolina's Procedures Relating to Guilty Pleas in Superior Court, should have been excluded as proper predicate felonies for federal sentencing purposes after *Simmons*.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 Motion [DE 54], Motion for Reconsideration [DE 97], and Motion to Amend [DE 107] are DENIED. Because reasonable jurists could debate whether the issue should have been decided differently, a certificate of appealability is GRANTED as to whether Mr. Peters' North Carolina convictions, in which he received a sentence pursuant to North Carolina's Procedures Relating to Guilty Pleas in Superior Court, should have been excluded as proper predicate felonies for federal sentencing purposes

after *Simmons*.

SO ORDERED, this the **30** day of July, 2012.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE